IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL EVANS ) | |
| ) | |
| v. ) | NO. 3:06-0339 |
| ) | |
| LAW OFFICE OF LEITNER, WILLIAMS, ) | |
| DOOLEY & NAPOLITAN, PLLC, et al. ) | |

TO: Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By order entered April 10, 2006 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B), for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 626(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72 (B) of the Federal Rules of Civil Procedure.

Plaintiff, a resident of Pulaski, Tennessee, filed this action pro se and in forma pauperis on April 10, 2006, against Leitner, Williams, Dooley, and Napolitan, PLLC, a law firm located in Nashville, Tennessee, attorneys George H. Rieger, II, and Anthony M. Noel, and David Ridings, Dewayne Nix, and Sandra Griggs, who are alleged to have been witnesses in an arbitration proceeding. Plaintiff alleges that the law firm and two attorneys put the witnesses on the stand in the arbitration proceeding and made them lie under oath. Plaintiff seeks $300,000.00 in damages and injunctive relief. The assertion of jurisdiction in the complaint is: "defamation of character and emotional distress for giving false testimony." See Complaint at 1. Plaintiff has also filed a supplement to his complaint consisting of copies of various documents. See Docket Entry No. 3.

Pro se complaints are to be construed liberally. Haines v. Kerner, 404 U.S. 509 (1972). Even with a liberal construction, however, the complaint fails to state an arguable claim upon which federal jurisdiction can be asserted. To assert a claim in federal court, Plaintiff must either show diversity

jurisdiction or rely upon a federal law, the Constitution, or treaty of the United States. See 28 U.S.C. §§ 1331 and 1332.

Diversity jurisdiction requires that Plaintiff show that diversity of citizenship exists between the parties. See 28 U.S.C. § 1332(a). In the instant action, Plaintiff would be required to show that the parties are citizens of different states. See 28 U.S.C. § 1332(a)(1). The complaint fails to satisfy this requirement.[1] Plaintiff also fails to show that his claim is based upon a federal law, the Constitution, or treaty of the United States. Merely alleging defamation of character and subornation of perjury is an insufficient basis to support jurisdiction under 28 U.S.C. § 1331. Plaintiff simply has not shown that his claim can be brought in federal court.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that this action be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim due to a lack of subject matter jurisdiction.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] Plaintiff's assertion that "[t]he defendants listed in this case are not all from this State," see Docket Entry No. 3, is insufficient. When Plaintiff is a Tennessee resident and one or more of Defendants are also residents of Tennessee, there is no diversity jurisdiction.